**Birendrakumar Gigabhai WALA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71683.**

United States Court of Appeals, Ninth Circuit.

·Submitted Dec. 6, 2004 San

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Francisco, California.*

Decided Dec. 13, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Leonard Schaitman, Esq., Wendy M. Keats, Esq., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Birendrakumar Gigabhai Wala, a citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.[1] We grant his petition and remand.

A petitioner seeking asylum must show that he is unwilling to return to his country of origin because of past persecution or a well-founded subjectively and objectively reasonable fear of future persecution on account of his race, religion, nationality, membership in a social group, or political opinion. *See Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064–65 (9th Cir. 2003); *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc).

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented . . . was such that a reasonable

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

While credibility determinations are judged by the same deferential substantial evidence standard, *see Kebede,* 366 F.3d at 810–11; *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997), those determinations " 'must be supported by a specific, cogent reason.' " *de Leon–Barrios,* 116 F.3d at 393 (citation omitted); *see also Gui,* 280 F.3d at 1225.

Where a petitioner's testimony is unrefuted and credible, an IJ may not require corroboration of claims. *Gui,* 280 F.3d at 1227; *Shah v. INS,* 220 F.3d 1062, 1071–72 (9th Cir.2000). "Where, as here, a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him." *Gui,* 280 F.3d at 1227. Moreover, this court has found State Department Reports "to be irrelevant in cases where individuals have experienced actual persecution by the government." *Shah,* 220 F.3d at 1069. *But see Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000) (holding that when an IJ has reasons to doubt credibility and "an applicant inexplicably fails to present easily available, material, non-duplicative, corroborating evidence to support his asylum claim," the failure to produce this corroboration can be fatal).

Here, the IJ's primary reason for the adverse credibility determination was Wala's failure to produce corroborating evidence that the Congress Party did indeed exist in India.[2] The IJ went on to say that even if the party did exist, there was no corroboration that its members have been abused by the government or the police. Contrary to the IJ's assertion, however, exhibits admitted at the merits hearing specifically referred to the Congress Party and its conflicts with the BJP political party, whose members Wala claims persecuted him. As a result, we must grant the petition, set aside the adverse credibility finding, and remand for a determination of Wala's asylum, withholding, and Convention Against Torture claims. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002) (per curiam); *Arulampalam v. Ashcroft,* 353 F.3d 679, 689 (9th Cir.2003).

Petition GRANTED and REMANDED.

---

2. In fact, the IJ noted that Wala's testimony was "straight forward," comprehensive, and consistent, yet stated, without further explanation, that Wala was "not believable" or "credible," and thus required corroborating evidence.